IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CLT LOGISTICS INC., an Ontario corporation, and 1177216 ONTARIO LTD., an Ontario corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RIVER WEST BRANDS, LLC, a Delaware Limited Liability Company; SELECTIVE BEAUTY BRANDS LLC, a Delaware Limited Liability Company; and ALMAR SALES COMPANY, INC., a New York corporation, <br><br> Defendants. | Civil Action No. |

HOWARD & HOWARD ATTORNEYS PLLC
By:   Mark W. Peyser (P35473)
      Melanie T. Frazier (P39167)
Attorneys for Plaintiffs
450 West Fourth Street
Royal Oak, MI 48067-2557
Telephone:  (248) 645-1483
Fax:  (248) 645-1568
E-mail: mwp@h2law.com
        mtf@h2law.com

## VERIFIED COMPLAINT AND JURY DEMAND

Plaintiffs CLT Logistics Inc., an Ontario corporation, and 1177216 Ontario Ltd., an Ontario corporation (hereinafter "Plaintiffs"), by and through their attorneys, Howard & Howard Attorneys PLLC, bring this action against Defendants River West Brands, LLC, a Delaware Limited Liability Company, Selective Beauty Brands LLC, a Delaware Limited Liability

#1638972

Company, and Almar Sales Company, Inc., a New York corporation (hereinafter "Defendants") as follows:

**PRELIMINARY STATEMENT OF DISPUTE**

1. This lawsuit seeks to protect the fame, fortune, goodwill, and intellectual property assets of the nationally famous hair care brand SALON SELECTIVES.

2. Defendants offer for sale and sell hair care products, including brushes and combs, bearing the trademark SALON SELECTIVES, which is identical to the incontestable federally registered trademark of Plaintiffs for Plaintiff's internationally famous hair care products. Thus, not only do the products infringe the incontestable registered trademarks of Plaintiffs, but anyone purchasing the products would assume, contrary to fact, that the products are authorized or sponsored by Plaintiffs.



3. The Plaintiffs' and their predecessors-in-interests' products have used the nationally and internationally famous marks and prominence/goodwill of SALON SELECTIVES since 1986.

4. Defendants have no right whatsoever to commercially profit from Plaintiffs' valuable intellectual property assets, and Defendants certainly did not seek or have permission to use them. Only Plaintiffs have ownership rights and rights to use these assets. Plaintiffs own not

just the rights to commercially profit from the numerous federally registered and famous marks, but more broadly, to commercially profit from the long-standing fame, fortune and goodwill of the SALON SELECTIVES brand and image.

5. Consumers nationwide have collectively been willing to and have paid significant sums of money per year in order to associate and commercially associate with the products of Plaintiffs. Defendants intentionally chose to go it alone, without permission, without license and in violation of federal law and state law.

6. This Court can and should put a stop to this unlawful and infringing activity and unfair competition. As alleged below, the infringing hair care products violate several federally registered incontestable and famous marks owned by Plaintiffs. It wrongly creates the likelihood of confusion among consumers as to the affiliation, connection, or association between SALON SELECTIVES and Defendants' hair care products and/or the origin, sponsorship, or approval of the products. It is diluting the world famous SALON SELECTIVES marks.

7. Temporary, preliminary, and permanent injunctive relief is required. The calculation of damages and attorneys' fees/costs must follow after a full accounting from Defendants.

8. Defendants are not authorized or licensed to (i) use Plaintiffs' marks; (ii) palm off Plaintiffs' valuable intellectual property rights; (iii) unfairly compete with Plaintiffs' hair care brand and extensions of products within the brand; and (iv) dilute the famous marks of Plaintiffs.

9. Plaintiffs respectfully requests an immediate Order (a) requiring the Defendants to deliver to Plaintiffs of all hair care products identified by the Plaintiffs' federally registered trademarks; (b) for an accounting of all sales of the infringing products, including customer names and addresses; and (c) for an immediate award of Plaintiffs' disbursements incurred in

this action, including Plaintiffs' reasonable attorneys' fees. Plaintiffs further seek permanent injunctive relief and other monetary damages permitted as a result of Defendants' infringing activity.

## THE PARTIES AND JURISDICTION

10. Plaintiff, CLT Logistics Inc. is an Ontario corporation having its principal offices at 2535 Gerrard Street East, Toronto, Ontario, Canada M1N 1W9.

11. Plaintiff, 1177217 Ontario Ltd. is an Ontario corporation having its principal offices at 2535 Gerrard Street East, Toronto, Ontario, Canada M1N 1W9.

12. Based upon information and belief, Defendant, River West Brands, LLC, is a Delaware Limited Liability Company having its principal offices at 225 North Michigan Ave., Suite 2000, Chicago, Illinois 60601, and is a parent corporation of Defendant, Selective Beauty Brands, LLC.

13. Defendant, Selective Beauty Brands, LLC, is a Delaware Limited Liability Company having its principal offices at 141 W. Jackson Blvd., Suite 3620, Chicago, Illinois 60604.

14. Defendant, Almar Sales Company, Inc. is a New York corporation having its principal offices at 31 West 34th Street, 8th Floor, New York, New York 10001.

15. This Court has subject matter jurisdiction over the claims herein pursuant to 15 U.S.C. §§ 1114, 1116, 1117, 1121, and 1125 in that this case arises under the trademark and unfair competition laws of the United States.

16. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, and 1338(a) and (c).

17. In addition to offering for sale and selling hair care products in the United States, Defendants have offered for sale and sold the infringing hair care products to customers within this judicial district in violation of the rights alleged in this Complaint.

18. Defendants distribute, offer for sale and sell the accused products as described herein in the United States, in the State of Michigan and in this District.

19. This Court has personal jurisdiction over the Defendants because the Defendants are conducting business in the State of Michigan and in this District as alleged above, and continue to commit acts of infringement within this District.

20. Venue is appropriate in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL BACKGROUND

**A.     The SALON SELECTIVES Registered Trademarks**

21. Plaintiff 1177216 Ontario Ltd. is the owner by assignment of all of the intellectual property rights created or associated with SALON SELECTIVES and LIKE YOU JUST STEPPED OUT OF A SALON (collectively, the "SALON SELECTIVE marks") including but not limited to all of the federally registered trademarks for same. Plaintiff CLT Logistics Inc. is a licensee entitled to utilize the SALON SELECTIVES marks. Plaintiffs generate revenue by use of the registered trademarks relating to hair care products which are hotly demanded by SALON SELECTIVES users nationwide. The goodwill and prominence of SALON SELECTIVES is immeasurable.

22. During 1986, Plaintiffs' predecessors began using the SALON SELECTIVES mark in connection with hair care products and hair styling aids. The hair care products quickly

became a favorite brand of consumers internationally and continue to celebrate international recognition.

23. Plaintiff 1177216 Ontario Ltd. owns several trademarks attached as **Exhibit A** that have been registered with the USPTO of which the following are relevant to the instant Complaint:

| MARK | OWNER | DATE REGISTERED | CLASSES | REG. NO. | GOODS AND SERVICES |
|---|---|---|---|---|---|
| SALON SELECTIVES | 1177216 Ontario Ltd. | 03/08/88 | IC 003 | 1479236 | Hair shampoo and hair conditioner. |
| SALON SELECTIVES | 1177216 Ontario Ltd. | 03/08/88 | IC 003 | 1479244 | Hair Spray, [Hair coloring preparation], hair mousse, [hair permanent waving lotions and neutralizers]. |
| SALON SELECTIVES | 1177216 Ontario Ltd. | 02/07/89 | IC 003 | 1523097 | Hair sculpting gel. |
| LIKE YOU JUST STEPPED OUT OF A SALON | 1177216 Ontario Ltd. | 11/11/08 | IC 003 | 3531607 | Hair shampoo, hair conditioner, hair spray and hair mousse. |

24. These registrations of the marks SALON SELECTIVES and LIKE YOU STEPPED OUT OF A SALON remain valid, subsisting, and uncancelled. Moreover, the marks are incontestable pursuant to Sections 15 and 33 of the Lanham Act, 15 U.S.C. §§ 1065 and 1115(b). As such, the SALON SELECTIVES and LIE YOU JUST STEPPED OUT OF A SALON registrations are, pursuant to 15 U.S.C. § 1115(b), conclusive evidence of Plaintiffs' exclusive rights to use the SALON SELECTIVES marks in commerce.

25. Plaintiffs and their predecessors have continuously used the above marks in promoting and selling official SALON SELECTIVES merchandise and have done so in interstate commerce on a continuous basis since registration.

26. All of the above marks are distinctive in nature, and were invented and conceived to promote SALON SELECTIVES' sales of hair care products, including shampoos, conditioners, styling gels and hairspray. Each mark is instantly recognized by the general public. Plaintiffs and their predecessors have expended millions of dollars in manufacturing, advertising and promoting the products sold under the SALON SELECTIVES marks.

27. Plaintiffs are currently considering expansion of their line of hair care products and expanding into the markets for hair brushes and combs, hair accessories and personal hair styling appliances.

28. The products and merchandise of Plaintiffs and their predecessors have created and established inestimable goodwill and recognition of the mark SALON SELECTIVES marks.

29. The official SALON SELECTIVES products are of high quality and instantly recognizable by consumers. These marks are a primary means by which hair care products are sold and promoted.

B. **Defendants' Activities**

30. Defendants, unauthorized vendors of SALON SELECTIVES merchandise, are palming off, offering for sale and selling infringing hair care products which display Plaintiffs' federally registered trademarks. The SALON SELECTIVES logos are also prominently displayed on Defendants' products identifying the confusingly similar SALON SELECTIVES source and affiliation. The infringing hair care products are also unfairly competing with Plaintiffs' expansion within the hair care market. The infringing hair care products are diluting Plaintiffs' famous marks. The infringing marks are prominently displayed on Defendant's website. (**Exhibit B**)

31. Defendants' use of the marks SALON SELECTIVES and [ ] JUST STEPPED OUT OF A SALON is identical to or confusingly similar to the registered marks owned by Plaintiffs.

32. Defendants' products offered for sale bear trademarks that are identified with or confusingly similar to the federally registered marks owned by Plaintiffs.

33. Defendants were notified by letter of their infringement and unfair competition by palming off Plaintiffs' SALON SELECTIVES goodwill/mark. (**Exhibit C**)

34. On or about August 24, 2009, Defendant Almar Sales Company filed an application for federal registration of the mark SALON SELECTIVES for use in connection with hair care items with the U.S. Patent and Trademark Office.

35. On or about November 18, 2009, and July 10, 2010, Defendant Almar Sales Company was advised by the Trademark Examining Attorney at the U.S. Patent and Trademark Office that the Defendants' mark would cause a likelihood of confusion with Plaintiffs' federally registered incontestable marks. (**Exhibit D**)

36. In spite of these direct notices of a likelihood of confusion with Plaintiffs' federally registered marks, Defendants intentionally and willfully continued to use the mark SALON SELECTIVES on hair care products.

37. Defendants intentionally continue to sell the infringing products and unfairly compete with and violate the intellectual property rights of Plaintiffs and Plaintiffs' ability to expand its line of hair care products.

38. Defendants have willfully and deliberately persisted in using the same or confusingly similar SALON SELECTIVES marks for the purpose of manufacturing, selling and

distributing Defendants' hair care products and, in the process, usurping the recognition, goodwill and value of Plaintiffs' marks.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### UNDER 15 U.S.C. § 1114

39. The allegations of above are incorporated herein by reference.

40. Plaintiffs demand that Defendants refrain from use of the identical mark SALON SELECTIVES and other colorable imitations of Plaintiffs' marks as described above.

41. Despite Plaintiffs' well-known prior rights in its registered marks, Defendants have, without the consent of Plaintiffs, used and continue to use in commerce, identical and colorable imitations of Plaintiffs' registered marks in connection with the manufacture, sale, offering for sale, distribution and advertising of the Defendants' hair care products including brushes and combs.

42. Defendants' actions constitute willful infringement of Plaintiffs' exclusive rights in its registered marks in violation of 15 U.S.C. § 1114.

43. Defendants' use of the marks SALON SELECTIVES and [ ] JUST STEPPED OUT OF A SALON is identical, confusingly similar and/or colorable imitations of Plaintiffs' registered marks, has been and continues to be done with the intent to cause confusion, mistake, and to deceive customers concerning the source and/or sponsorship of Defendants' products and services.

44. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to the value of their registered marks and their reputation in the hair care industry. Unless Defendants are restrained from further infringement of Plaintiffs' registered marks, Plaintiffs will continue to be irreparably harmed.

45. Plaintiffs have no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

46. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages to its valuable registered marks, as well as other damages in an amount to be proved at trial.

## COUNT II

## COMMON LAW TRADEMARK INFRINGEMENT

47. The allegations above are incorporated herein by reference.

48. Defendants' infringing hair care products are palming off the goodwill and commercial activities of Plaintiffs in relation to Plaintiffs' (and their predecessors') hair care products which have been sold nationwide under the SALON SELECTIVES marks since at least 1986.

49. Defendants have knowingly used and continue to use in commerce the marks SALON SELECTIVES and [ ] JUST SEPPED OUT OF A SALON which are confusingly similar and/or colorable imitations of Plaintiffs' marks in connection with the products that the Defendants advertise, promote, and sell. Defendants have used colorable imitations of the SALON SELECTIVES registered marks knowing that the marks will cause a likelihood of confusion with products that are associated with and sponsored by Plaintiffs.

50. Defendants' use of the SALON SELECTIVES marks as alleged above is likely to confuse, mislead, and/or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' products.

51. By reason of Defendants' actions, Plaintiffs have suffered irreparable harm to the value of its marks and to efforts of Plaintiffs to expand its line of hair care products. Unless Defendants are restrained from their actions, Plaintiffs will continue to be irreparably harmed.

52. Plaintiffs have no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

53. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages to their valuable trademarks and other damages in an amount to be proved at trial.

## COUNT III

## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125

54. The allegations above are incorporated herein by reference.

55. Defendants' infringing hair care products are palming off the goodwill and commercial activities of Plaintiffs in relation to Plaintiffs' (and their predecessors') hair care products which have been sold nationwide under the SALON SELECTIVES marks since at least 1986.

56. Defendants have knowingly used and continue to use in commerce the SALON SELECTIVES marks which are confusingly similar and/or colorable imitations of Plaintiffs' registered marks in connection with the products that the Defendants advertise, promote, and sell. Defendants have used colorable imitations of the SALON SELECTIVES registered marks knowing that the marks will cause confusion with products that are associated with and sponsored by Plaintiffs.

57. Defendants' use of the SALON SELECTIVES marks as alleged above, is likely to confuse, mislead, and/or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' products and services, and is

11

likely to cause such people to believe in error that the Defendants' products have been authorized, sponsored, approved, endorsed, or licensed by Plaintiffs or that the Defendants are in some way affiliated with Plaintiffs or with the SALON SELECTIVES brand.

58. Defendants' acts constitute false and misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendants' goods, and further constitute a violation of 15 U.S.C. § 1125.

59. By reason of Defendants' actions, Plaintiffs have suffered irreparable harm to the value of its registered marks and to efforts of Plaintiffs to expand its line of hair care products. Unless Defendants are restrained from their actions, Plaintiffs will continue to be irreparably harmed.

60. Plaintiffs have no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

61. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages to its valuable registered trademarks and other damages in an amount to be proved at trial.

## COUNT IV

### DILUTION OF TRADEMARK UNDER 15 U.S.C. § 1125

62. The allegations above are incorporated herein by reference.

63. As a result of Plaintiffs' long, nationwide, international and continuous use of the SALON SELECTIVES marks, and the subsequent recognition of the SALON SELECTIVES marks on a nationwide and international basis by consumers, the marks have become famous under 15 U.S.C. § 1125(c).

64. The use of the federally registered SALON SELECTIVES marks by Defendants will cause dilution of the distinctive quality of the Plaintiffs' famous and incontestable marks.

65. Defendants' use of the famous SALON SELECTIVES marks is with a willful intent to trade upon the reputation of the hair care brand SALON SELECTIVES and is intended to cause dilution of the Plaintiffs' famous marks.

66. Plaintiffs have no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

67. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages to their valuable registered and incontestable trademarks and other damages in an amount to be proved at trial.

**DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiffs demand entry of a judgment granting relief against the Defendants as follows:

A. a determination that Defendants have willfully and deliberately violated 15 U.S.C. § 1114, that Plaintiffs have been damaged by such violation, and that the Defendants are liable to Plaintiffs for such violation;

B. a determination that Defendants have willfully violated the common law trademark rights of Plaintiffs, that Plaintiffs have been damaged by such violations, and that the Defendants are liable to Plaintiffs for such violations;

C. a determination that Defendants have violated 15 U.S.C. § 1125, that Plaintiffs have been damaged by such violation, and that the Defendants are liable to Plaintiffs for such violation;

D. a determination that Defendants have diluted the distinctive quality of Plaintiffs' famous marks causing damage to Plaintiffs;

E. a determination that this case is "exceptional" in the sense of 15 U.S.C. § 1117(a);

F. under all claims for relief, that an injunction be temporarily, preliminarily, and permanently issued, enjoining Defendants, their officers, employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receive notice directly or otherwise of such injunctions from, and issue an Order (a) requiring the return to Plaintiffs of all hair care products bearing the federally registered trademark SALON SELECTIVES; (b) an accounting of all sales of the infringing hair care products, including customer names and addresses; and (c) an immediate award of Plaintiffs' disbursements incurred in this action, including Plaintiffs' reasonable attorneys' fees;

G. for an award of Plaintiffs' damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, whichever is greater, plus Plaintiffs' costs and attorneys' fees, pursuant to 15 U.S.C. § 1117;

H. for an award of Plaintiffs' monetary damages arising out of Defendants' acts;

I. for an Order requiring Defendants to file with the Court and to provide to Plaintiffs an accounting of all sales and profits realized by Defendants through the use of colorable imitations of Plaintiffs' registered trademarks;

J. for an award of interest, including prejudgment interest on the foregoing sums; and

K. for such other and further relief as the Court may deem just and appropriate.

         Respectfully submitted,

         HOWARD & HOWARD ATTORNEYS PLLC

         By: */s/ Mark W. Peyser*
           Mark W. Peyser (P35473)
           Melanie T. Frazier (P39167)
         Attorneys for Plaintiffs
         450 West Fourth Street
         Royal Oak, MI 48067-2557
         Telephone: (248) 645-1483
         Fax: (248) 645-1568
         E-mail:mwp@h2law.com
           mtf@h2law.com

Dated: August 19, 2010

## **DEMAND FOR JURY TRIAL**

 Plaintiffs hereby request a jury for all issues triable by jury in this action, pursuant to Fed. R. Civ. P. 38.

         Respectfully submitted,

         HOWARD & HOWARD ATTORNEYS PLLC

         By: */s/ Mark W. Peyser*
           Mark W. Peyser (P35473)
           Melanie T. Frazier (P39167)
         Attorneys for Plaintiffs
         450 West Fourth Street
         Royal Oak, MI 48067-2557
         Telephone: (248) 645-1483
         Fax: (248) 645-1568
         E-mail:mwp@h2law.com
           mtf@h2law.com

Dated: August 19, 2010

## VERIFICATION

I, _JACK WILKINSON_, President of 1177216 Ontario Ltd., declare under penalty of perjury that the information set forth above in the Verified Claim is true and accurate to the best of my information, knowledge and belief.

Executed on August _16_, 2010

Signature: _[signature]_
Name: _JACK WILKINSON_
President of 1177216 Ontario Ltd.

16